UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY WARD,

        Plaintiff,

                                        CASE NO. 05-CV-71635-DT
vs.                                       HON. LAWRENCE P. ZATKOFF

BARBARA SAMPSON, MARIANNE
SAMPER and JOHN RUBITSCHUN,

        Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 6th day of October, 2005.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on a Motion to Dismiss (Docket #5) Plaintiff's cause of action pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendants Barbara Sampson and John Rubitschun (hereinafter "Defendants"). Over 75 days have passed and Plaintiff has failed to file a response to Defendants' Motion. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e)(2), this Court ORDERS that Defendants' Motion to Dismiss be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED and Plaintiff's cause of action is DISMISSED WITH PREJUDICE.

The Court also GRANTS Defendants' Motion for Enlargement of Time (Docket #3), to which Plaintiff also failed to respond, for the reasons set forth therein.

## II.  BACKGROUND

Plaintiff is serving a 3 to 15 year sentence pursuant to his conviction in Michigan courts on two counts of Criminal Sexual Conduct (2nd Degree).  The conduct underlying this conviction was committed while he was on parole for an offense of the same nature.  He began serving his sentence on the new conviction on July 13, 2000.  His first possible release date was April 20, 2003, but he was denied parole on December 17, 2002, by the Michigan Department of Corrections Parole Board (of which none of the named parties was a member at that time).  The Parole Board also levied a one-year term of parole denial at that time.  On February 11, 2004, Defendant Sampson and another member of the Parole Board levied a second consecutive one-year term of parole denial.  On February 3, 2005, Defendants Sampson and Rubitschun levied a third consecutive one-year term of parole denial.  In each instance of parole denial, Plaintiff alleges that he was not provided with sufficient "substantial and compelling" reasons for the denial of parole.

On April 26, 2005, Plaintiff filed a three-count complaint, wherein he asserted an Equal Protection claim (Count I), a Due Process claim (Count II), and a claim that he was denied his right to petition the courts (Count III).  Defendants countered by filing the instant Motion to Dismiss.

## III.  ANALYSIS AND OPINION

**A.     Standard of Review under Fed. R. Civ. P. 12(b)(6)**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of the plaintiff's complaint. The Court must accept as true all factual allegations in the complaint, and any ambiguities must be resolved in the plaintiff's favor. *Jackson v. Richards Medical Co.*, 961 F.2d 575, 577 (6th Cir. 1992). A district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover.  *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

**B.     Plaintiffs §1983 Claims**

With respect to each of his three claims, Plaintiff is contesting the validity of M.C.L.A. §791.234(9) because it allows prosecutors and victims, but not prisoners, the right to appeal a Parole Board's decision. Each of Plaintiff's claims is rooted in alleged violations of the federal Constitution and is brought pursuant to 42 U.S.C. §1983.

In order to state a valid claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right secured by the federal Constitution and show that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the persons alleged to have violated plaintiff's constitutional rights were acting under the color of state law. Prisoners have "no constitutional or inherent right" to parole or a parole hearing, *Greenholz v. Inmates of Neb. Penal Corr. Complex*, 442 U.S. 1, 7 (1979), however, and the ultimate authority to grant parole to a Michigan state prisoner lies within the discretion of the Michigan parole board. M.C.L.A. § 791.235(1) ("the release of a prisoner on parole shall be granted solely upon the initiative of the parole board"). As such, "the Michigan parole scheme does not create a protected liberty interest in release on parole." *Carnes v. Engler*, 76 Fed. Appx. 79 (6th Cir. 2003).

**C.     Plaintiff's Equal Protection Claim**

Plaintiff first asserts that M.C.L.A. §791.234(9) violates his right to equal protection. The Sixth Circuit recently held that M.C.L.A. §791.234(9) (which allows prosecutors and victims, but not prisoners, to appeal a parole board decision) is constitutional and expressly refused to strike down the statute as a violation of the Equal Protection Clause. *See Jackson v. Jamrog*, 411 F.3d 615 (6th Cir. 2005) (to strike down the statute would defeat the interest of the legislature in its "duty to protect the public health, safety and welfare . . . by ensuring that prosecutors and crime victims could continue to be able to challenge the parole board's decision to release a prisoner to parole if the prosecutor or victim believed that the prisoner should not be released.").

The Sixth Circuit has also clearly held that "[l]egislation or government action is presumed

valid if the classification of groups is rationally related to a legitimate state interest." *Carnes v. Engler*, 76 Fed. Appx. 79 (6th Cir. 2003) (citing *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)).[1]  As Plaintiff is an inmate (and therefore not a member of a suspect class) who is not asserting a fundamental right, the rational basis test is used. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  Therefore, "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification," a plaintiff's §1983 equal protection claim fails. *FCC v. Beach Communications, Inc.,* 508 U.S. 307, 313 (1993); *City of Cleburne*, 473 U.S. at 440.  As the Sixth Circuit has recognized, "the State of Michigan could rationally intend the limitation on appeal right to provide a counter-balance to a prisoner's obvious incentive to litigate the issue of parole and to protect the state treasury from the expense needed for responding to appeals of parole denials." *Carnes*, 76 Fed. Appx. at 81 (citation omitted).  Moreover, among the stated purposes of the Michigan parole statutes are the protection of public safety (*see Hopkins v. Michigan Parole Bd.*, 237 Mich.App. 629 (1999)) and the furtherance of the rights of victims, both of which are legitimate state interests.

Finally, "[i]n order to state an equal protection claim, a §1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of his membership in a protected class." *Carnes*, 76 Fed. Appx. at 81 (citing *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990).  Here, Plaintiff is not a member of a protected class, nor did he allege that either of the Defendants intentionally discriminated against him on the basis of his membership in a protected class.  Conclusory allegations of unconstitutional conduct are insufficient to state a claim under §1983, as some factual basis for the claim must be set forth in the pleadings. *See Lillard v. Shelby County Bd. of Educ*., 76 F.3d 716, 726 (6th Cir. 1996).

For the reasons set forth above, the Court concludes that Plaintiff's equal protection allegations fail to state a claim upon which relief can be granted.

---

[1] In *Carnes*, the plaintiffs filed a §1983 suit challenging the Michigan parole system, namely the denial of the right of a prisoner to appeal decisions of the Michigan Parole Board.

**D.      Due Process Claim**

Plaintiff also alleges that his due process rights were violated because he was not provided with sufficient "substantial and compelling" reasons for the denial of parole. As noted above, the Michigan parole scheme does not create a protected liberty interest in release on parole. As Plaintiff had no right to parole, the alleged failure of the Defendants to provide him with sufficient "substantial and compelling" reasons for the denial of parole is irrelevant. Therefore, Plaintiff cannot assert a viable due process claim with respect to his lack of right to appeal the denial of parole.

**E.      First Amendment Right to Petition the Court**

Plaintiff's Complaint failed to allege any facts that suggest that either of the Defendants prevented him from petitioning any court. Rather, in Count III he alleges that M.C.L.A. §719.234(9) is unconstitutional because it prohibits him from accessing the courts to present his appeal of the Defendants' denial of parole. As set forth above, the Sixth Circuit has held that the statute is constitutional. *See Jackson, supra.* Accordingly, the Court also holds that Plaintiff has failed to state a claim upon which relief can be granted with respect to Count III.

**F.      Defendant Samper**

Plaintiff named Marianne Samper in the heading of his Complaint but has not served her with the Complaint. In addition, Plaintiff failed to name Defendant Samper in the text of the Complaint or allege any wrong committed by Samper. Moreover, to the extent that Plaintiff also intended to assert any of the allegations set forth in his Complaint against Samper, such claims would be deficient for the reasons set forth above. Accordingly, the Court finds that Plaintiff has not alleged any cause of action against Samper upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED and Plaintiff's cause of action is hereby DISMISSED WITH PREJUDICE. Judgment shall be entered accordingly.

IT IS SO ORDERED.

 s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE